FILED
SUPERIOR COURT
OF GUAM

2015 MAR -5 PM 2: 19

CLERK OF COURT

BY ____

**IN THE SUPERIOR COURT
OF GUAM**

JASON CLYDE SWINK,

              Plaintiff,

    v.

BETSAIDA SWINK,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)

DOMESTIC CASE No. DM 0861-11

**FINDING OF FACT AND
CONCLUSIONS OF LAW**

This matter came before the Honorable Judge Michael J. Bordallo for bench trial on December 14, 2014 through December 19, 2014. Plaintiff was represented by attorney Michael J. Berman. Defendant was represented by attorney Daniel S. Somerfleck. The Parties were ordered to submit their proposed findings of fact and any proposed conclusion of law, as deemed necessary by counsel. Having considered the testimony of the parties and the evidence presented, the Court hereby makes the following findings of fact and conclusions of law:[1]

**FINDINGS OF FACT**

1. The Plaintiff first enlisted in the U.S. Military in June 1991, and left the U.S. Military in June, 1995.

2. Plaintiff and Defendant met while attending fine art school in Florida and were married on

October 31, 1998.

3. Following their graduation the parties purchased a property in Fort Lauderdale, Florida.

4. The Plaintiff enlisted in the U.S. Military a second time on January 15, 2002 and following enlistment he served a number of deployments including and eight (8) month deployment on an aircraft carrier. During Plaintiff's deployments Defendant would regularly return to Florida.

5. In August 2003, the parties acquired a single family residence in Virginia Beach and in September 2004 they acquired the Glendale Townhouse.

6. The parties separated on July 10, 2005. At separation they agreed Defendant would have the Virginia Beach residence and Glendale Townhouse and that they would split the proceeds of their Florida property. In 2006 the Virginia Beach residence was sold for a gain of approximately $45,000.00. The Glendale Townhouse has not been sold. As of November 2014, the balance on the Mortgage was $73,383.00 and the tax assessment value was $101,200.00.

7. While Plaintiff, at separation, conveyed all of his interest in the Glendale Townhouse to the Defendant, he remains as a co-obligor on the Promissory Note and Real Property Mortgage executed in favor of Chase Bank USA by both the Plaintiff and Defendant.

8. The period of time between the Plaintiff's second enlistment date on January 15, 2002, and the parties' separation on July 10, 2005, was a total of 31 months.

9. In 2005 Plaintiff relocated to Hawaii and with funds derived from his military income, purchased a condominium in Honolulu, Hawaii located at 1423 Emerson Street #113, Honolulu, Hawaii, 96813, (the Condo) on July 12, 2005. In October 2011, Plaintiff sold

---

[1] To the extent that a finding of facts should be deemed a conclusion of law or a conclusion of

the Hawaii condominium for a gain of $48,214.48.

10. Approximately fifteen (15) months after Plaintiff and Defendant separated, the Defendant, on October 30, 2006, had a child with another man named Mr. Smith. The Defendant and Mr. Smith lived together with the child, as a family unit, from approximately 2006-2008. During this time the parties remained in contact and in 2009, they discussed a possible reconciliation.

11. Between July 10, 2005, until February 11, 2014, the parties lived separate lives. With the exception of a few isolated meetings, for short periods of time, they lived separate lives and primarily handled their financial affairs as a separate financial unit. However from the date of their marriage until 2011 the parties also filed a joint tax return; up to 2011 Plaintiff also continued to claim Defendant as his military dependent. In 2008 Plaintiff added the Defendant's minor child as his military dependent.

12. The parties attempted a trial reconciliation by living in Hawaii together for approximately three months, beginning in February 2011 and ending in late May 2011. Prior to moving to Hawaii, Defendant disposed of her automobile, household goods, and resigned from her job. Plaintiff agreed to support Defendant and her minor child if they moved to Hawaii.

13. During the trial reconciliation, the parties did not attend marriage counseling, applied for no credit cards together and purchased no personal or real property together.

14. The Defendant's Two Credit Cards, issued by Navy Federal Credit Union and American Express, were applied for by her and are in her name alone. Plaintiff has not incurred any debt on these credit cards.

law deemed a finding fact, it shall so be considered.

# CONCLUSTIONS OF LAW

## I. Jurisdiction and Grounds for Dissolution of Marriage.

The Court has jurisdiction over the matter pursuant to Chapter 8 of Title 19 of the Guam Code. 19 GCA §§ 8101 *et. seq.* (2013). Section 8203 of same provides, "Dissolution of marriage may be granted for any of the following causes: (a) Adultery. (b) Extreme cruelty. (c) Willful desertion. (d) Willful neglect. (e) Habitual intemperance. (f) Conviction of Felony. (g) Irreconcilable differences." 19 GCA § 8203 (2014). To support a conclusion of extreme cruelty a court must find the wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage. *Id.* at § 8205. A conclusion of irreconcilable differences must likewise be supported by facts which demonstrate, "substantial reasons for not continuing the marriage and which make it appear that the marriage should be dissolved." *Id.* at § 8219.

Applying the above to the facts of this case, the Court finds that there was not a sufficient showing of persuasive facts to support a conclusion of extreme cruelty. *Id.* at 8205. However, based upon the amount of time the parties have remained separated, the mutual allegations of infidelity, the separation-subsequent birth of a child outside of the marriage and post separation division of real property, the Court finds sufficient facts exist to conclude that the parties marriage should be dissolved upon grounds of irreconcilable differences. *Isaac v. Isaac*, 2014 Guam 21 ¶ 17.

## II. Date of Separation and Division of Property

As authorized by Guam law, the Court generally has the responsibility and authority to make findings of fact and conclusion of law which equitably divide and designate, assign and distribute, the separate debts and separate assets, as well as the community debt and

community assets, of the parties. 19 GCA § 8411(b) (2013). Guam law has yet to establish a standard for determining a disputed date of separation. Accordingly upon review of the tests applied in other jurisdictions the Court finds the standard applied by the California Court of Appeals helpful. *In re Marriage of Manfer*, 50 Cal.Rptr.3d 785, 789 (Cal. Ct. App. 2006). There the court held,

> [T]he date of separation occurs when either of the parties does not intend to resume the marriage and his or her actions bespeak the finality of the marital relationship. There must be problems that have so impaired the marriage relationship that the legitimate objects of matrimony have been destroyed and there is no reasonable possibility of eliminating, correcting or resolving these problems.

*Id.* (citation omitted). It is undisputed here that the parties began to reside permanently in separate States on or about July 10, 2005. Defendant subsequently entered into a cohabiting relationship with another man for a significant period of time and they had a child together. The parties divided their joint real and personal property and began living in a manner separate and independent of one another. These facts are sufficient to support a finding that for purposes of dividing the parties' property their date of separation occurred on July 10, 2005. *Id.*

In 1997 the Guam Supreme Court discussed the standard which is to apply to the review of a party's assertion of reconciliation. *Camacho v. Camacho*, 1997 Guam 5 ¶¶ 27-29. As explained by the California Court above, the Guam Supreme Court specifically referring to the rescission of a property settlement agreement, explained that a conclusion of reconciliation is reliant upon facts showing the parties' intention to permanently restore their previously separate obligations and rights. *Id.* The Court holds this test is applicable.

Applying the facts here to the above standard the Court is not persuaded that there are sufficiently persuasive or credible facts to support a conclusion of reconciliation. *Id.* While it

is undisputed that in the months leading up to Defendant's temporary relocation to Hawaii, that she, to her detriment, sold her property, resigned from her employment, and incurred debt, there are insufficient facts to credibly evidence the mutual intent to restore a permanent marital relationship. Primarily significant to the Court's finding is the short duration of the alleged reconciliation and the party's failure to permanently convert Defendant's separate debt back to the community. *Id.* (In *Camacho* the parties reconciled for a period of ten years and acquired loans to convert separate debts).

Accordingly:

1. The Defendant is entitled to a share of the Plaintiff's military retirement based on the 31 months they lived together after the Plaintiff joined the military in January 15, 2002 and up until their final separation of the parties on July 10, 2005.

2. The Defendant's debt on the Two Credit Cards is the separate debt of the Defendant. The Plaintiff owes no money on this separate debt.

3. The Hawaii Condo is the separate property of the Plaintiff. Defendant made no financial contribution to the condo.

4. The 2005 division of the parties real and personal property constitutes a fair division of the parties' property.

5. Defendant, having waived spousal support, indicating at trial that she did not seek it and failing to include it in her proposed findings fact and conclusions of law, shall not be entitled to an order of support.

## CONCLUSION

IT IS HEREBY ORDERED:

1. Judgment shall enter accordingly;

2. Within 20 days Plaintiff shall prepare and submit the judgment approved as to form by the Defendant, if the parties are unable to agree upon the form they shall each submit a proposed judgment within 30 days;

3. As to the Glendale Townhouse, Defendant shall apply for a release of liability, releasing Plaintiff from the Mortgage, within 30 days of the entry of this order and shall continue to make her best efforts to remove Plaintiff's name from the mortgage; and

4. Each party shall bear their own costs and attorney fees.

SO ORDERED, this _____5_____ day of _____ 2015.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

Atty. Daniel Somerfleck

Atty. Michael J. Berman

Date: 3/25/15   Time: 2:30 pm.

Deputy Clerk, Superior Court of Guam